**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Cristhian Vega, on behalf of himself and all other persons similarly situated,<br><br>                    Plaintiff,<br><br>          - vs. –<br><br>K & C Interior Construction Corp., Kevin Doe, and John Does #1-10,<br><br>                    Defendants. | DOCKET NO. 18-CV-182<br><br>**COMPLAINT** |

Plaintiff Cristhian Vega, by and through his undersigned attorneys, for his complaint against defendants K & C Interior Construction Corp., Kevin Doe, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.  Plaintiff Cristhian Vega alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants K & C Interior

Construction Corp., Kevin Doe, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Vega further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

3.    Mr. Vega further complains on his own behalf that defendants failed to pay him all his wages earned, and that defendants are liable for conversion of Mr. Vega's property.

## THE PARTIES

4.    Plaintiff Cristhian Vega is an adult individual residing in Queens, New York.

5.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

6.    Upon information and belief, defendant K & C Interior Construction Corp. is a New York corporation with a principal place of business at 1270 Blake Avenue, Brooklyn, New York.

7.    At all relevant times, defendant K & C Interior Construction Corp. ("K & C") has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.    Upon information and belief, at all relevant times, K & C has had gross annual revenues in excess of $500,000.00.

9.    Upon information and belief, at all relevant times herein, K & C has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

3

10. Upon information and belief, at all relevant times, defendant K & C has constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, defendant Kevin Doe is an owner or part owner and principal of K & C, whose last name is unknown, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Kevin Doe was involved in the day-to-day operations of K & C and played an active role in managing the business.

13. For example, defendant Kevin Doe hired Mr. Vega and set his pay and schedule.

14. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of defendant K & C, whose identities are unknown at this time, who have participated in the day-to-day operations of defendant K & C, who had/have the power to hire and fire employees, set wages and schedules, and retain their records, and who participated in the day-to-day operations of defendant K & C.

15. Defendants constituted "employers" of Mr. Vega as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Vega's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Vega's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, Mr. Vega seeks to prosecute his FLSA claims as a collective action on behalf of himself and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since January 11, 2015, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.   Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Mr. Vega seeks to prosecute his New York Labor Law claims on behalf of himself and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since January 11, 2012, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

20. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

21. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

22. Mr. Vega will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

23.  Mr. Vega's claims are typical of the claims of the putative Class and Collective Action Members, and Mr. Vega has no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

24.  Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

25.  Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

26.  Among the common questions of law and fact under the FLSA and New York wage and hour laws common to Mr. Vega and other putative Class/Collective Action Members are the following:

a.  Whether defendants failed and/or refused to pay Mr. Vega and the Collective Action Members premium pay for hours worked in excess of forty

per workweek, in violation of the FLSA and the regulations promulgated thereunder;

b.  Whether defendants failed and/or refused to pay Mr. Vega and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

c.  Whether defendants failed and/or refused to provide Mr. Vega and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

d.  Whether defendants failed to keep true and accurate time and pay records for all hours worked by Mr. Vega and the putative Class or Collective Action Members;

e.  Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

f.  Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

27.  Mr. Vega knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

28.  The Collective Action Members are similarly situated to Mr. Vega in that they were employed by K & C as non-exempt laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

29.  They are further similarly situated in that K & C had a policy and practice of knowingly and willfully refusing to pay them overtime.

30.  Mr. Vega and the Collective Action Members and Class Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by K & C.

31.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

32.  At all relevant times herein, defendants owned and operated a contracting business in Brooklyn.

33.  Mr. Vega worked on construction projects in Manhattan, Queens, and the Bronx for defendants.

34.   Mr. Vega was employed at K & C from approximately April 2016 through September 2016, and then again from August 2017 through November 2017.

35.   Mr. Vega was employed as a carpenter.

36.   Mr. Vega's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

37.   At all relevant times herein, Mr. Vega was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

38.   Mr. Vega regularly worked six days each week of his employment at K & C.

39.   Mr. Vega routinely worked from approximately 7:00 a.m. to 3:30 p.m. daily, with a half-hour meal break.  As a result, he worked roughly 48 hours almost every week of his employment.

40.   Mr. Vega was paid at a daily rate during his employment with defendants.

41.   Specifically, Mr. Vega was paid at a rate of $160 per day.

42.   Mr. Vega was paid at this regular rate of pay for all his time worked, regardless of the number of hours he worked.

43.   As a result, K & C failed to pay Mr. Vega any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

44.   Defendants' failure to pay Mr. Vega the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

45.   Mr. Vega was paid biweekly, by business check with no paystub, for his first forty hours of work each week.

46.   In order to disguise the fact that he was working overtime, defendants paid Mr. Vega in cash for his hours in excess of forty in a week.

47.   On one occasion Mr. Vega asked Kevin Doe about receiving overtime pay, but Kevin's response was that he did not pay overtime.

48.   In or about October 2017, Kevin Doe promised Mr. Vega a raise to $180 per day.  However, he did not actually give that raise to Mr. Vega.

49.  In or about November 2017, Mr. Vega began persistently asking Kevin Doe for his promised raise.

50.  In response, defendants not only did not give Mr. Vega a raise, but stopped payment on his final two paychecks.

51.  As a result, Mr. Vega was paid nothing for the last four weeks of his employment.

52.  When Mr. Vega quit as a result of defendants' failure to pay him, defendants retained possession of Mr. Vega's tools, worth approximately $1,500, and refused to allow him to retrieve them from the jobsite.

53.  Mr. Vega was never provided with paystubs or wage statements that provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

54.  Defendants failed to provide Mr. Vega with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, Mr. Vega's regular and overtime rates, and intended allowances claimed – and failed to obtain Mr. Vega's signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

55.  Upon   information   and   belief,   throughout   the period  of  Mr.  Vega's  employment,  both  before  that  time (throughout  the  Class  and  Collective  Action  Periods)  and continuing  until  today,  defendants  have  likewise  employed other  individuals  like  Mr.  Vega  (the  Class  and  Collective Action  Members)  in  positions  at  defendants'  contracting company  that  required  little  skill,  no  capital  investment, and  with  duties  and  responsibilities  that  did  not  include any   managerial   responsibilities   or   the   exercise   of independent  judgment.

56.  Upon   information   and   belief,   these   other individuals  have  worked  in  excess  of  forty  hours  per  week, yet  defendants  have  likewise  failed  to  pay  them  overtime compensation  of  one-and-one-half  times  their  regular  hourly rate,  in  violation  of  the  FLSA  and  the  New  York  Labor  Law.

57.  Upon   information   and   belief,   these   other individuals  were  not  provided  with  required  wage  notices  or weekly  wage  statements  as  specified  in  New  York  Labor  Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

58.  Upon  information  and  belief,  while  defendants employed  Mr.  Vega  and  throughout  all  relevant  time  periods, defendants  failed  to  maintain  accurate  and  sufficient  time records  or  provide  accurate  records  to  employees.

59.  Upon  information  and  belief,  while  defendants employed  Mr.  Vega  and  through  all  relevant  time  periods, defendants  failed  to  post  or  keep  posted  notices  explaining the  minimum  wage  and  overtime  pay  rights  provided  by  the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

60.  Mr.  Vega,  on  behalf  of  himself  and  all  Collective Action  Members,  repeats,  realleges,  and  incorporates  by reference  the  foregoing  allegations  as  if  set  forth  fully and again herein.

61.  At  all  relevant  times,  defendants  employed  Mr. Vega  and  each  of  the  Collective  Action  Members  within  the meaning of the FLSA.

62.  At  all  relevant  times,  defendants  had  a  policy and  practice  of  refusing  to  pay  overtime  compensation  to their  employees  for  hours  they  worked  in  excess  of  forty hours per workweek.

63.  As  a  result  of  defendants'  willful  failure  to compensate  their  employees,  including  Mr.  Vega  and  the Collective  Action  Members,  at  a  rate  at  least  one-and-one-half  times  their  regular  rates  of  pay  for  work  performed  in excess  of  forty  hours  per  workweek,  defendants  have

14

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to defendants' FLSA violations, Mr. Vega and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

66. Mr. Vega, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, Mr. Vega and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated the rights of Mr. Vega and the members of the Class by failing to pay them full overtime compensation at rates at least one-and-one-

half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

69. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70. Due to defendants' New York Labor Law violations, Mr. Vega and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

71. Mr. Vega, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, Mr. Vega and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73. Defendants willfully violated the rights of Mr. Vega and the members of the Class by failing to provide

them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

74. Defendants willfully violated the rights of Mr. Vega and the members of the Class by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

75. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, Mr. Vega and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

76. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Vega and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## <u>COUNT IV</u>

### <u>(New York Labor Law – Failure to Pay Wages)</u>

77.  Mr. Vega repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78.  At all relevant times, Mr. Vega was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79.  In stopping payment on Mr. Vega's final two paychecks, defendants violated Mr. Vega's rights by failing to pay him wages for all of his hours worked, in violation of, inter alia, New York Labor Law § 191.

80.  Defendants' failure to pay all wages owed was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.  Due to defendants' New York Labor Law violations, Mr. Vega is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (Conversion)

82. Mr. Vega repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. Mr. Vega brought his own tools to work to use in the course of his employment with defendants; he stored those tools at the job site.

84. Upon information and belief, those tools were worth approximately $1,500.

85. After Mr. Vega's employment ended, defendants refused to let plaintiff retrieve those tools.

86. As a result, Mr. Vega has been damaged, and is entitled to recover the value of the tools from the defendants.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Vega, on behalf of himself and the members of the collective and class actions, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Mr. Vega and his counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Vega and his counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay all wages earned;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  Compensation for the tools unlawfully retained by defendants;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as this Court deems just and proper.

Dated:   January 5, 2018

David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Mr. Vega,
Individually and on behalf of
others similarly situated

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of K & C Interior Construction Corp. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de K & C Interior Construction Corp. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Cristhian Vega

Date:  November 7, 2017